IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| BRENTREZ MCPHERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 623-068 |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTIONS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, incarcerated at Smith State Prison ("SSP") in Glennville, Georgia, has submitted a "Complaint for Violation of Civil Rights (Prisoner Complaint)" and seeks to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 4.) Upon review of Plaintiff's filings, it is unclear whether he is attempting to assert a claim pursuant to 42 U.S.C. § 1983 or is attempting to petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

In his one-hundred and fifteen page complaint, Plaintiff asserts claims against two groups of defendants, which he refers to as the "GDC Defendants" and the "Douglas County Defendants." (See doc. no. 1, pp. 2-16, 25.) Against the eighteen individuals and entities comprising the GDC Defendants, Plaintiff alleges various claims related to the conditions of his confinement at SSP. (See id. at 18-21, 24, 26-28, 43-44.) Against the thirty-two individuals and entities named as Douglas County Defendants, Plaintiff alleges "claims aris[ing] outside of [SSP]" concerning a flawed arrest, indictment, and conviction in the Douglas County

Superior Court.  (See id. at 8, 21-23, 28-31.)  Plaintiff claims he is being falsely imprisoned and requests monetary damages, immediate release from prison, and various other forms of equitable relief.  (Id. at 33-40.)  In addition to his complaint, Plaintiff filed a Motion to Set Aside, requesting the Court "set aside and vacate void judgments" because Defendants are "fraudulently indicting prisoners and illegal housing them within the GDC Agency." (Doc. no. 5, pp. 2, 6.)

"[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement' . . . .  He must seek federal habeas corpus relief (or appropriate state relief) instead."  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).  Federal habeas corpus statutes and § 1983 "are mutually exclusive:  if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights action."  Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).  Moreover, under Heck v. Humphrey, 512 U.S. 477, 487 (1994), Plaintiff may not proceed with a § 1983 claim for damages where success would necessarily imply the unlawfulness of the sentence.  Lastly, because it is unclear whether Plaintiff intends to proceed with a habeas corpus case or § 1983 civil rights case, it is also unclear whether, through his IFP motion, Plaintiff is contending he cannot pay the $5.00 habeas corpus filing fee or the $350.00 filing fee for an IFP civil rights complaint.

Accordingly, Plaintiff shall have fourteen days from the date of this Order to inform the Court by a written filing bearing the case caption above whether he intends to proceed with a § 1983 complaint or a habeas corpus petition under § 2254.  The Court **DIRECTS** the **CLERK** to include an appropriate form civil rights complaint used by incarcerated litigants in the Southern District of Georgia and a form habeas corpus petition with Plaintiff's service

copy of this Order. Plaintiff should submit only <u>one form</u> in response to this Order.[1] Plaintiff should also be aware that any federal habeas corpus petition will be subject to the exhaustion requirements of § 2254.

Once Plaintiff makes his selection by returning the appropriate, completed form, the Court will consider the merits of Plaintiff's IFP motion. Failure to comply with the terms of this Order within fourteen days may result in a recommendation that this case be dismissed.

SO ORDERED this 14th day of December, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] If Plaintiff wants to proceed with a civil rights complaint for damages and a habeas corpus petition requesting release from custody, he must proceed in two separate cases, requiring two separate filing fees or IFP motions.